# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **BRYAN O. BLEVINS, JR. AND** | § | |
| **SHELLEY BLEVINS** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY, MICHAEL BLANK** | § | |
| **AND SHELEVIA RAQUEL** | § | |
| **PROCTOR** | § | |

## INDEX OF STATE COURT FILE

1.  Plaintiffs' Original Petition      08/23/19

2.  Plaintiffs' Motion for Substituted Service on Defendant
    Shelevia Raquel Proctor      09/12/19

3.  Order Granting Substitution of Service      09/17/19

5.  Return of Service for Shelevia Raquel Proctor      09/23/19

6.  State Farm Fire & Casualty Company's Original Answer      09/30/19

7.  Plaintiff's First Amended Petition      10/02/19

8.  Defendant Shelevia Raquel Proctor's Original Answer      10/07/19

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/23/2019 11:47 AM
JAMIE SMITH
DISTRICT CLERK
E-204355

CAUSE NO. _____

| | | |
|---|---|---|
| BRYAN O. BLEVINS, JR. AND | § | IN THE DISTRICT COURT OF |
| SHELLEY BLEVINS | § | |
| | § | |
| VS. | § | |
| | § | JEFFERSON COUNTY, TEXAS |
| STATE FARM FIRE & CASUALTY | § | |
| COMPANY, MICHAEL BLANK AND | § | |
| SHELEVIA RAQUEL PROCTOR | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bryan O. Blevins, Jr. and Shelley Blevins ("**Plaintiffs**"), and files this Plaintiffs' Original Petition, complaining of Defendants State Farm Fire & Casualty Company, Michael Blank and Shelevia Raquel Proctor (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2.      Plaintiffs Bryan O. Blevins, Jr. and Shelley Blevins are individuals residing in Jefferson County, Texas.

3.      Defendant State Farm Fire & Casualty Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218, or wherever else it may be found.

4.      Defendant Michael Blank is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at his residence located at 18155 S. Harrells Ferry Road, Baton Rouge, LA 70816, or wherever else she may be found.

5.      Defendant Shelevia Raquel Proctor is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at her residence located at 111 Jade Lane, Dallas, GA 30132, or wherever else she may be found.

## JURISDICTION

6.      The Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. Plaintiff is seeking damages over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest. Plaintiff reserves the right to amend their petition during and/or after the discovery process.

7.      The court has jurisdiction over Defendant State Farm Fire & Casualty Company because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

8.      The court has jurisdiction over Defendants Michael Blank and Shelevia Raquel Proctor because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiffs cause of action arose out of these Defendants' business activities in the State of Texas.

## VENUE

9.      Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.      Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by State Farm Fire & Casualty Company (referred to herein as "**Insurance Company**").

11.      Plaintiffs own the insured property, which is specifically located at 2475 Shadow Bend Drive, Beaumont, Texas 77706 (hereinafter referred to as "**the Property**").

12.      Insurance Company sold the Policy insuring the Property to Plaintiffs.

13.      On or about August 29, 2017, Plaintiffs sustained wind and water damage to the following areas of the Property due to Hurricane Harvey:  Cedar Shake Roof, Exterior Damage (including but not limited to Copper Valley-V-Channel, Stucco, Flagstone Entry and Back Patio), Library, Piano Room, Kaden's Room, Emily's Dressing Area, Kate's Dressing Area, Formal Dining Room, Media Room, Upstairs Hallway, Small Staircase, Subroom (1), Subroom (2) and Emily's Bedroom.  Plaintiffs filed a claim with their Insurance Company for the damages to their home caused by Hurricane Harvey.

14.      Pursuant to the Policy, Plaintiffs asked that the Insurance Company to pay for the damage to the Property.

15. The Insurance Company, without requiring written notice of the claim from the Plaintiffs, assigned Defendants Michael Blank ("**Blank**" or "**Adjuster**") and Shelevia Raquel Proctor ("Proctor" or **"Claims Associate"**),  (referred to collectively, hereinafter as "Adjusters") as the adjusters to investigate Plaintiffs' claim. Blank and Proctor, because of inadequate and improper instruction and training, failed to perform an investigation of Plaintiffs' claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

16. Blank was the adjuster assigned to Plaintiffs' Claim who performed an inspection of the Property.  Blank failed to get onto the roof of the property during his October 2, 2017 inspection and was therefore unable to perform a complete investigation. Further, Blank was improperly trained by the Insurance Company and failed to perform a thorough review of the file before denying covered damages of the Claim and under-estimating other damages.

17. Instead of assigning another adjuster to inspect, Blank, through his employment at Insurance Company, sent correspondence to Plaintiff on October 4, 2017 stating the $23,733.04 in damages were below the $41,484.00 deductible.  Furthermore, on October 4, 2017, Blank sent additional correspondence stating that "our inspection did not reveal any accidental direct physical loss to your roof". The damages that Blank did include on his estimate only included damages to the Rear Elevation, Library, Piano Room, Son's Room and Media Room. Defendants wholly excluded the damages to the Cedar Shake Roof, Exterior Damage, Exterior Stucco, Entry Flagstone, Emily's Dressing Area, Kate's Dressing Area, Upstairs Hallway, Small Staircase, Subroom (1), Subroom (2) or Emily's Bedroom were included on Defendants' estimate. The Insurance Company ratified and accepted this substandard inspection and estimate

without question.  Proctor review and provided the estimate to Plaintiffs on October 5, 2019 via e-mail correspondence.

18.      Blank and/or Proctor and/or the Insurance Company's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

19.      Defendants misrepresented that the only damage to the property was the areas listed in Defendants' estimate.

20.      Blank's and Proctor's inadequate investigation and review of the file was relied upon by the Insurance Company in this matter and resulted in the Claim being denied and/or underpaid.

21.      The Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned adjusters Blank and Proctor, ultimately approving an improper adjustment and inadequate, unfair settlement of Plaintiffs' Claim.

22.      This unreasonable investigation resulted in the considerable underpayment of Plaintiffs' Claim.

23.      Together, Defendants Insurance Company, Adjusting Company, and Adjuster set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiffs, and failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiffs.

24.      The mishandling of the claim also caused a delay in Plaintiffs' ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive full payment under the Insurance Policy.

25.    The Insurance Company ratified the Adjuster's inadequate methods and investigation, resulting in Plaintiffs' claims being denied in part and undervalued and underpaid in part.   The unreasonable investigation of Plaintiffs' claim resulted in the considerable underpayment and wrongful denial of the claim.   Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

26.    The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.   In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters.   Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiffs' claim.

27.    Moreover, Adjusters were aware that the Insurance Company was incentivizing them to minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation

without training or instruction, and in express contravention to Texas law.  Adjusters accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

28.    As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

29.    Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

30.    Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code.  However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to them under the Policy.  More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

31.     Defendants Insurance Company, and Adjusters misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

32.     Defendants Insurance Company and Adjusters failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

33.     Defendants Insurance Company and Adjusters failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

34.     Defendants Insurance Company and Adjusters failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company and Adjusters. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

35.     Defendants Insurance Company and Adjusters refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company and Adjusters performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

36.     After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

37.     Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

38.     Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

39.     From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

40.     Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

41.     Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTERS

42.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 41 as if fully set forth *verbatim*.

43.     Insurance Company assigned Adjusters to adjust the claim. Adjusters were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusters failed to properly assess Plaintiffs' damages.   Adjusters also omitted covered damages from their report. In addition, the damages that Adjusters failed to include in their estimate resulted in the improper denial of the claim.

44.     As such, Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.     Blank and Proctor are individually liable for their unfair and deceptive acts, irrespective of the fact he was acting on behalf of Insurance Company, each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

46.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusters' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Adjusters' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage

at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.     Adjusters' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

48.     Adjusters failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Adjusters failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusters, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

49.     Adjusters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

50.     Adjusters did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs.

Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

CAUSES OF ACTION AGAINST<br>STATE FARM FIRE & CASUALTY COMPANY

51.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 50 as if fully set forth *verbatim*.

52.     Insurance Company is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**BREACH OF CONTRACT**

53.     Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

54.     Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**<br>**UNFAIR SETTLEMENT PRACTICES**

55.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

56. Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

57. Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

58. Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

59. Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

60. Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

61. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

62. Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

63. Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

64. Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

65. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 64 as if fully set forth *verbatim*.

66. Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

67. Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

68. In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 67 as if fully set forth *verbatim*.

69.     Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in their Policy.

70.     Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

71.     In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 70 as if fully set forth *verbatim*.

72.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

73.     In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 72 as if fully set forth *verbatim*.

74.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

75.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

76.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

77.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs are entitled to three times their actual damages. TEX. INS. CODE §541.152.

78.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

79.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

80.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

81.     Plaintiffs hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiffs are tendering the appropriate jury fee.

### CONDITIONS PRECEDENT

82.     All conditions precedent to Plaintiffs' claim for relief has been performed or has occurred. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

17

## REQUEST FOR DISCLOSURE

83.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show themselves to be justly entitled.

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Randal G. Cashiola, Of Counsel
State Bar No. 03966802
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFFS**



CERTIFIED MAIL

stamps.com

★ 1-UP Laser Form ★
★PVUSA.OMF-134 10/18★

## CERTIFIED MAIL



$13.25⁰
US POSTAGE
PRIORITY MAIL
COMBASPRICE
FROM 77701
08/29/2019
stamps
endicia





9402 7118 9956 1585 6867 78

State Farm Fire & Casualty Co. c/o CSC
211 E 7th Street, Suite 620
Austin TX 78701-3218

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/12/2019 3:18 PM
JAMIE SMITH
DISTRICT CLERK
E-204355

**CAUSE NO. E-204355**

| | | |
|---|---|---|
| BRYAN O. BLEVINS, JR. AND | § | IN THE DISTRICT COURT OF |
| SHELLEY BLEVINS | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| STATE FARM FIRE & CASUALTY | § | |
| INSURANCE COMPANY, MICHAEL | § | |
| BLANK and SHELEVIA RAQUEL | § | |
| PROCTOR | § | 172nd JUDICIAL DISTRICT |

<u>**PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE ON
DEFENDANT SHELEVIA RAQUEL PROCTOR**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT SHELEVIA RAQUEL PROCTOR is brought by Plaintiffs BRYAN O. BLEVINS, JR. AND SHELLEY BLEVINS, who show in support the following:

1.      Plaintiffs filed suit against Defendants on August 23, 2019.  Plaintiffs requested service on Defendant SHELEVIA RAQUEL PROCTOR (referred to hereinafter as "**Proctor**") as follows:

- "Defendant Shelevia Raquel Proctor is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at her residence located at 111 Jade Lane, Dallas, GA 30132, or wherever else she may be found."

2.      Plaintiffs have attempted to serve Proctor on four (4) separate occasions by personal service at Proctor's place of residence.  Plaintiff has not been successful in serving Proctor, despite Plaintiffs' due diligence.

3.      Attached as Exhibit A to this Motion is the affidavit of Xavier Irvine. The affidavit states facts showing that substituted service of citation on Proctor should be authorized.

4.      Accordingly, as authorized by Rule 106(b), Texas Rules of Civil Procedure, Plaintiffs request that this Court authorize service on Proctor by **affixing a copy of the citations, with a copy of Plaintiffs' Original Petition attached to the door of 111 Jade Lane, Dallas, Georgia 30132.** This manner of service will be effective in giving Proctor notice of this suit because the above specified location is the Proctor's place of residence.

Respectfully submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No. 16520200
Katherine D. Ramsey
State Bar No. 24070469
Randal G. Cashiola, of Counsel
State Bar No. 03966802
6280 Delaware Street, Suite A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444.2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the above and foregoing document has been filed using the Court's electronic filing system on this 12th day of September 2019.


*/s/ Michael R. Ramsey*
Michael R. Ramsey

3

## IN THE 172nd JUDICIAL DISTRICT COURT
## COUNTY OF JEFFERSON, STATE OF TEXAS

### CAUSE NO. E0204355

### BRYAN O. BLEVINS, JR., ET AL
### VS.
### STATE FARM FIRE AND CASUALTY COMPANY, ET AL

### AFFIDAVIT

Before me, the undersigned authority, did personally appear, Xavier Irvine, who being first duly sworn by me did testify to the following:

"My name is Xavier Irvine.  On 8/340/2019, I received a citation and petition in the above numbered cause of action, for service upon:

SHELEVIA RAQUEL PROCTOR
111 JADE LANE
DALLAS, GA 30132

"I have made the following attempts to deliver said process to the defendant at the above address:

8/31/2019 at  8:19 PM – Multiple cars in driveway; but no answer at the door.  TV heard inside.
9/06/2019 at  8:18 PM – Multiple cars in driveway; but no answer at the door.
9/07/2019 at 10:01 AM – Multiple cars in driveway; but no answer at the door.
9/12/2019 at  7:37 AM – Woman answering the door confirmed defendant lived here but she was
                            inside asleep and would not wake up.

"I believe it is impracticable to deliver the citation and petition in person to the defendant.  It is my opinion that the most reasonable manner in which to give notice of the suit to the defendant is to deliver the citation and petition to anyone over the age of 16, or by posting to the door at the above confirmed usual place of abode of the defendant.

"I declare under penalty of perjury that the foregoing statements and facts are true and correct."

9/12/19

XAVIER IRVINE

EXHIBIT

A

CAUSE NO. E-204355

| | | |
|---|---|---|
| **BRYAN O. BLEVINS, JR. AND** | § | **IN THE DISTRICT COURT OF** |
| **SHELLEY BLEVINS** | § | |
| | § | |
| **V.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **INSURANCE COMPANY, MICHAEL** | § | |
| **BLANK and SHELEVIA RAQUEL** | § | |
| **PROCTOR** | § | **172nd JUDICIAL DISTRICT** |

## ORDER FOR SUSTITUTED SERVICE

Today, the Court considered Plaintiffs' Motion for Substituted Service and the supporting affidavit.  The Court finds that Plaintiffs' attempts to serve Defendant Shelevia Raquel Proctor have not been successful, despite Plaintiffs' due diligence.

Therefore, the Court ORDERS that substituted service is authorized on Defendant Shelevia Raquel Proctor.  Proctor may be served by affixing a copy of the citations, with Plaintiffs' Original Petition attached, to the door of **111 Jade Lane, Dallas, Georgia 30132.**

IT IS FURTHER ORDERED that the Return of Citation, endorsed on or attached to the citations will state when and how the citations were served.

Signed on this 17th day of  September  2019.

The Honorable Judge Mitch Templeton

FILED
DISTRICT CLERK
JEFFERSON CO. TEXAS
10/4/2019 8:15 AM
JAMIE SMITH
DISTRICT CLERK
E-204355

CITATION

# THE STATE OF TEXAS

**No.  E-0204355**

## BRYAN O BLEVINS JR ET AL
## VS.  STATE FARM FIRE AND CASUALTY COMPANY ET AL

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:  **PROCTOR, SHELEVIA RAQUEL**

by serving at:
**111 JADE LANE**
**DALLAS, GA   30132**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 23rd day of August, 2019.  It bears cause number E-0204355 and is styled:

Plaintiff:

**BRYAN O BLEVINS JR ET AL**

VS.

**STATE FARM FIRE AND CASUALTY COMPANY ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**RAMSEY, MICHAEL R, Atty.**
**6280 DELAWARE STREET SUITE A**
**BEAUMONT, TX   77706 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 23rd day of August, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _____  Deputy

Valencia

IN THE 172ND JUDICIAL DISTRICT
JEFFERSON COUNTY, TEXAS

CAUSE NO. E- 0204355

BRYAN O. BLEVINS JR., AND SHELLEY BLEVINS
VS
STATE FARM FIRE & CASUALTY COMPANY, ET AL

## RETURN

Came to my hand: _8/31/19_ , at _9:41_ o'clock _AM_ , the following specified documents:

- **Citation**
- **Plaintiffs' Original Petition**
- **Jury Demand**
- **Request for Disclosure**

and executed by me on <u>09/23/2019 @ 06:20 o'clock P.M.</u>, at, <u>111 JADE LANE, DALLAS, GEORGIA 30132 within the county of PAULDING</u>, by delivering to <u>SHELEVIA RAQUEL PROCTOR</u>, by affixing to the door, a true copy of the above specified documents, together with Order for Substituted Service having first endorsed on such copy the date of delivery.

I am over the age of 18; and I am not a party to or interested in the outcome of the above styled and numbered suit.

"My name is _Xavier Irvine_ , my date of birth is _04/15/91_ , and my address is _55 Atlanta St. SE_ , U.S.A.
_Suite 203_
_Marietta, GA 30060_

I declare under penalty of perjury that the foregoing is true and correct. Executed in _Cobb_ County, State of _Georgia_, on the _27th_ day of _Sept_, 2019.

By: (print name)_Xavier Irvine_

**ASSURED CIVIL PROCESS AGENCY**
5926 Balcones Dr. Ste. 290, Austin, TX 78731

CAUSE NO. E-204355

| | | |
|---|---|---|
| BRYAN O. BLEVINS, JR. AND | § | IN THE DISTRICT COURT OF |
| SHELLEY BLEVINS | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| STATE FARM FIRE & CASUALTY | § | |
| INSURANCE COMPANY, MICHAEL | § | |
| BLANK and SHELEVIA RAQUEL | § | |
| PROCTOR | § | 172nd JUDICIAL DISTRICT |

## ORDER FOR SUSTITUTED SERVICE

Today, the Court considered Plaintiffs' Motion for Substituted Service and the supporting affidavit.  The Court finds that Plaintiffs' attempts to serve Defendant Shelevia Raquel Proctor have not been successful, despite Plaintiffs' due diligence.

Therefore, the Court ORDERS that substituted service is authorized on Defendant Shelevia Raquel Proctor.  Proctor may be served by affixing a copy of the citations, with Plaintiffs' Original Petition attached, to the door of **111 Jade Lane, Dallas, Georgia 30132.**

IT IS FURTHER ORDERED that the Return of Citation, endorsed on or attached to the citations will state when and how the citations were served.

Signed on this 17th day of  September  2019.

The Honorable Judge Mitch Templeton

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/30/2019 8:56 AM
JAMIE SMITH
DISTRICT CLERK
E-204355

Cause No. E-204,355

| | | |
|---|---|---|
| Bryan O. Blevins, Jr. and | § | In the District Court of |
| Shelley Blevins | § | |
| | § | |
| V. | § | Jefferson County, Texas |
| | § | |
| State Farm Fire & Casualty Company, | § | |
| Michael Blank and Shelevia Raquel | § | |
| Proctor | § | 172nd Judicial District |

## Defendant's Original Answer

**State Farm Fire & Casualty Company,** ("Defendant"), files this Original Answer and respectfully shows the Court as follows:

### I.
### General Denial

Defendant generally denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiffs to prove every fact to support the claims in their Original Petition by a preponderance of the evidence.

### II.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant moves and prays the Court that upon trial hereof, Plaintiffs recover nothing and that Defendant go hence with costs and for such other and further relief as it may show itself entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
560 South Fourth Street
Silsbee, Texas 77656
Telephone: (409) 386-0386
Facsimile: (409) 386-0900


By  S. Donean Surratt
      David J. Fisher
      Texas Bar No. 07049525
      E-mail:  djf@obt.com
      Donean Surratt
      Texas Bar No. 01720400
      E-mail:  sds@obt.com

**Attorneys for Defendant,
State Farm Fire & Casualty
Company**


## Certificate of Service

I hereby certify that on this 30th day of September, 2019, a copy of the foregoing document has been served via efile.txcourts.gov on:

Michael R. Ramsey
Katherine Ramsey
6280 Delaware St., Ste. A
Beaumont, Texas 77706


S. Donean Surratt
S. Donean Surratt

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/2/2019 11:40 AM
JAMIE SMITH
DISTRICT CLERK
E-204355

**CAUSE NO. E-204355**

| | | |
|---|---|---|
| **BRYAN O. BLEVINS, JR. AND** | § | **IN THE DISTRICT COURT OF** |
| **SHELLEY BLEVINS** | § | |
| | § | |
| **VS.** | § | |
| | § | **JEFFERSON COUNTY, TEXAS** |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY, MICHAEL BLANK  AND** | § | |
| **SHELEVIA RAQUEL PROCTOR** | § | **172nd JUDICIAL DISTRICT** |

**PLAINTIFFS' FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bryan O. Blevins, Jr. and Shelley Blevins ("**Plaintiffs**"), and files this Plaintiffs' First Amended Petition, complaining of Defendants State Farm Lloyd's, Michael Blank and Shelevia Raquel Proctor (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

**DISCOVERY**

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

**PARTIES**

2.      Plaintiffs Bryan O. Blevins, Jr. and Shelley Blevins are individuals residing in Jefferson County, Texas.

3.      Defendant State Farm Lloyd's is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218, or wherever else it may be found.

4.      Defendant Michael Blank is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  This Defendant is in the process of being served, therefore, no citation is requested at this time.

5.      Defendant Shelevia Raquel Proctor is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  This Defendant is in the process of being served, therefore, no citation is requested at this time.

## JURISDICTION

6.      The Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. Plaintiffs are seeking damages over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7.      The court has jurisdiction over Defendant State Farm Lloyd's because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

8.      The court has jurisdiction over Defendants Michael Blank and Shelevia Raquel Proctor because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiffs cause of action arose out of these Defendants' business activities in the State of Texas.

**VENUE**

9.      Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

10.      Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by State Farm Lloyd's (referred to hereinafter as "**Insurance Company**").

11.      Plaintiffs own the insured property, which is specifically located at 2475 Shadow Bend Drive, Beaumont, Texas 77706 (hereinafter referred to as "**the Property**").

12.      Insurance Company sold the Policy insuring the Property to Plaintiffs.

13.      On or about August 29, 2017, Plaintiffs sustained wind and water damage to the following areas of the Property due to Hurricane Harvey:  Cedar Shake Roof, Exterior Damage (including but not limited to Copper Valley-V-Channel, Stucco, Flagstone Entry and Back Patio), Library, Piano Room, Kaden's Room, Emily's Dressing Area, Kate's Dressing Area, Formal Dining Room, Media Room, Upstairs Hallway, Small Staircase, Subroom (1), Subroom (2) and Emily's Bedroom.  Plaintiffs filed a claim with their Insurance Company for the damages to their home caused by Hurricane Harvey.

14.      Pursuant to the Policy, Plaintiffs asked that the Insurance Company to pay for the damage to the Property.

15.      The Insurance Company, without requiring written notice of the claim from the Plaintiffs, assigned Defendants Michael Blank ("**Blank**" or "**Adjuster**") and Shelevia Raquel Proctor ("Proctor" or **"Claims Associate"**),  (referred to collectively, hereinafter as "Adjusters") as the adjusters to investigate Plaintiffs' claim. Blank and Proctor, because of inadequate and improper instruction and training, failed to perform an investigation of Plaintiffs' claim that met

3

the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

16.     Blank was the adjuster assigned to Plaintiffs' Claim who performed an inspection of the Property.  Blank failed to get onto the roof of the property during his October 2, 2017 inspection and was therefore unable to perform a complete investigation. Further, Blank was improperly trained by the Insurance Company and failed to perform a thorough review of the file before denying covered damages of the Claim and under-estimating other damages.

17.     Instead of assigning another adjuster to inspect, Blank, through his employment at Insurance Company, sent correspondence to Plaintiff on October 4, 2017 stating the $23,733.04 in damages were below the $41,484.00 deductible.  Furthermore, on October 4, 2017, Blank sent additional correspondence stating that "our inspection did not reveal any accidental direct physical loss to your roof". The damages that Blank did include on his estimate only included damages to the Rear Elevation, Library, Piano Room, Son's Room and Media Room. Defendants wholly excluded the damages to the Cedar Shake Roof, Exterior Damage, Exterior Stucco, Entry Flagstone, Emily's Dressing Area, Kate's Dressing Area, Upstairs Hallway, Small Staircase, Subroom (1), Subroom (2) or Emily's Bedroom were included on Defendants' estimate.  The Insurance Company ratified and accepted this substandard inspection and estimate without question.  Proctor review and provided the estimate to Plaintiffs on October 5, 2019 via e-mail correspondence.

18.     Blank and/or Proctor and/or the Insurance Company's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

19.     Defendants misrepresented that the only damage to the property was the areas listed in Defendants' estimate.

20.     Blank's and Proctor's inadequate investigation and review of the file was relied upon by the Insurance Company in this matter and resulted in the Claim being denied and/or underpaid.

21.     The Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned adjusters Blank and Proctor, ultimately approving an improper adjustment and inadequate, unfair settlement of Plaintiffs' Claim.

22.     This unreasonable investigation resulted in the considerable underpayment of Plaintiffs' Claim.

23.     Together, Defendants Insurance Company, Adjusting Company, and Adjuster set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiffs, and failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiffs.

24.     The mishandling of the claim also caused a delay in Plaintiffs' ability to fully repair their home, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive full payment under the Insurance Policy.

25.     The Insurance Company ratified the Adjuster's inadequate methods and investigation, resulting in Plaintiffs' claims being denied in part and undervalued and underpaid in part.   The unreasonable investigation of Plaintiffs' claim resulted in the considerable underpayment and wrongful denial of the claim.  Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

26.     The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.  In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters.  Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiffs' claim.

27.     Moreover, Adjusters were aware that the Insurance Company was incentivizing them to minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.  Adjusters accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

28.     As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

29.     Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

30.     Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code.  However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to them under the Policy.  More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

31.     Defendants Insurance Company, and Adjusters misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

32.     Defendants Insurance Company and Adjusters failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

33.     Defendants Insurance Company and Adjusters failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

34.     Defendants Insurance Company and Adjusters failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company and Adjusters. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

35.     Defendants Insurance Company and Adjusters refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company and Adjusters performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. As such, Defendants Insurance

Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

36.     After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

37.     Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

38.     Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

39.     From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

40.     Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

41.     Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTERS

42.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 41 as if fully set forth *verbatim*.

43.     Insurance Company assigned Adjusters to adjust the claim. Adjusters were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusters failed to properly assess Plaintiffs' damages.  Adjusters also omitted covered damages from their report. In addition, the damages that Adjusters failed to include in their estimate resulted in the improper denial of the claim.

44.     As such, Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.     Blank and Proctor are individually liable for their unfair and deceptive acts, irrespective of the fact he was acting on behalf of Insurance Company,  each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan,

fraternal benefit society, or other legal entity engaged in the business of insurance, including an

agent, broker, ***adjustor*** or life and health insurance counselor." TEX. INS. CODE §541.002(2)

(emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996

S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the

purpose of bringing a cause of action against them under the Texas Insurance Code and

subjecting them to individual liability).

46.     Falsehoods and misrepresentations may be communicated by actions as well as by

the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.

Adjusters' misrepresentations by means of deceptive conduct include, but are not limited to: (1)

failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating

that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements

about the non-severity of the damages as a basis for denying properly covered damages and/or

underpaying damages; and (4) failing to provide an adequate explanation for the inadequate

compensation Plaintiff received.  Adjusters' unfair settlement practice, as described above and

the example given

herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. TEX. INS. CODE §541.060(a)(1).

47.     Adjusters' unfair settlement practice, as described above, of failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE

§541.060(2)(A).

48.     Adjusters failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Adjusters failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusters, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

49.     Adjusters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

50.     Adjusters did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

<u>CAUSES OF ACTION AGAINST</u>
<u>STATE FARM LLOYD'S</u>

51.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 50 as if fully set forth *verbatim.*

52.     Insurance Company is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## BREACH OF CONTRACT

53.     Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

54.     Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

55.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

56.     Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

13

57.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

58.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

59.     Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

60.     Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

61.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

62.     Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described

above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

63.      Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

64.      Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

65.      In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 64 as if fully set forth *verbatim*.

66.      Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

67.      Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

68.      In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 67 as if fully set forth *verbatim*.

69.      Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in their Policy.

70.      Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or

should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

71.     In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 70 as if fully set forth *verbatim.*

72.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

73.     In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 72 as if fully set forth *verbatim.*

74.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

75.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

76.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

77.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs are entitled to three times their actual damages. TEX. INS. CODE §541.152.

78.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

79.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

80.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

81.     Plaintiffs previously requested that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiffs tendered the appropriate jury fee.

### CONDITIONS PRECEDENT

82.     All conditions precedent to Plaintiffs' claim for relief has been performed or has occurred. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

### REQUEST FOR DISCLOSURE

83.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show themselves to be justly entitled.

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Randal G. Cashiola, Of Counsel
State Bar No. 03966802
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that on the 2nd day of October, 2019, a true and correct copy of Plaintiffs' First Amended Petition was served by the Court's electronic filing system to counsel of record.

*/s/ Katherine Ramsey*
Katherine D. Ramsey

19

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/7/2019 2:31 PM
JAMIE SMITH
DISTRICT CLERK
E-204355

**Cause No. E-204,355**

| | | |
|---|---|---|
| Bryan O. Blevins, Jr. and | § | In the District Court of |
| Shelley Blevins | § | |
| | § | |
| V. | § | Jefferson County, Texas |
| | § | |
| State Farm Fire & Casualty Company, | § | |
| Michael Blank and Shelevia Raquel | § | |
| Proctor | § | 172nd Judicial District |

**Defendant's Original Answer**

**Shelevia Raquel Proctor,** ("Defendant"), files this Original Answer and respectfully shows the Court as follows:

**I.**
**General Denial**

Defendant generally denies each and every, all and singular, the allegations contained in Plaintiffs' First Amended Petition and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiffs to prove every fact to support the claims in their First Amended Petition by a preponderance of the evidence.

**II.**
**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant moves and prays the Court that upon trial hereof, Plaintiffs recover nothing and that Defendant go hence

with costs and for such other and further relief as she may show herself entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
560 South Fourth Street
Silsbee, Texas 77656
Telephone: (409) 386-0386
Facsimile: (409) 386-0900

By  S. Donean Surratt
    David J. Fisher
    Texas Bar No. 07049525
    E-mail:  djf@obt.com
    Donean Surratt
    Texas Bar No. 01720400
    E-mail:  sds@obt.com

**Attorneys for Defendant,
Shelevia Raquel Proctor**

## Certificate of Service

I hereby certify that on this 7th of October, 2019, a copy of the foregoing document has been served via efile.txcourts.gov on:

Michael R. Ramsey
Katherine Ramsey
Randal Cashiola
6280 Delaware St., Ste. A
Beaumont, Texas 77706

S. Donean Surratt
S. Donean Surratt